ALICE M. TOOTHAKER *vs*. APPIA C. PENNELL.

Cumberland.    Opinion November 29, 1909.

*Trespass. Removing Buildings. Courts. Equity. Transfer of Causes. Waiver. Judicial Discretion. Revised Statutes, chapter 84, sections 16, 18.*

Verdict was properly directed for one suing for the value of a building removed from land to which she had the legal title, where the issue was title to the building.

Revised Statutes, chapter 84, section 18, authorizing transfers of causes from Superior Courts on pleas of equitable defenses, contemplates transfers on facts developed on the trials, new facts, appearing after the close of the evidence not being a proper basis for a transfer.

By chancing verdict in her favor in the Superior Court, defendant lost her right to have the cause transferred under Revised Statutes, chapter 84, section 18, which authorizes transfers to the Supreme Judicial Court on pleas of equitable defenses.

Revised Statutes, chapter 84, section 16, authorizing the Supreme Judicial Court to transfer to the equity term, a cause commenced in the Superior Court, where it appears that the rights can be better determined, does not authorize a transfer after verdict has been recorded and after refusal to set it aside.

Denial of a motion to set aside a verdict is discretionary, and not subject to exceptions.

Under Revised Statutes, chapter 84, section 16, authorizing transfer of a cause from the Superior Court to the equity term of the Supreme Judicial Court, on the pleading of equitable defenses, supported by affidavit that the matter pleaded is true, a motion for a transfer is insufficient unless supported by such affidavit.

A motion to transfer a cause from the Superior Court to the equity side of the Supreme Judicial Court is addressed to the court's discretion, the exercise of which is not subject to exception.

On motion and exceptions by defendant. One exception over-ruled and the other dismissed.

Action of trespass quare clausum brought in the Superior Court, Cumberland County, for breaking and entering the plaintiff's close and severing and carrying away therefrom a certain frame building.

Plea, the general issue. At the conclusion of the evidence, the presiding Justice directed a verdict for the plaintiff and the defendant excepted and also filed a special motion for a new trial and also excepted to other rulings.

The case is stated in the opinion.

*Wheeler & Howe*, for plaintiff.

*Dennis A. Meaher*, for defendant.

SITTING: WHITEHOUSE, SAVAGE, SPEAR, KING, BIRD, JJ.

SPEAR, J. This case comes up on exceptions from the Superior Court for Cumberland County. The admitted facts show that the plaintiff had a legal title to a certain lot of land on Great Island in the town of Harpswell with the building standing upon it, but erected after the land was purchased. The defendant claims that the building was built with funds furnished by her and was there-fore personal property held in trust by the plaintiff for her benefit. The defendant without the knowledge or consent of the plaintiff removed the building from the plaintiff's lot to a lot of her own across the way. The plaintiff brought an action to recover the value of the building. The issue was the title to the building. As the legal title was in the plaintiff the court instructed the jury to render a verdict for the plaintiff. To this instruction the defendant excepted. We think the instruction must be sustained.

After the verdict by the jury the defendant filed the following special motion:

"And the defendant further asks that the verdict of the jury may be set aside in said case and a new trial granted because the rights of the parties may be better determined and enforced by judgment and decree in equity and asks the court on reasonable terms to allow the pleadings struck out at law and that defendant may plead in

equity and the cause may be heard and determined as a cause in equity." The motion was overruled and exceptions taken.

The motion asks first that the verdict be set aside and a new trial granted, and second that the pleadings at law be struck out and those in equity be substituted. R. S., chapter 84, section 18, provides that in the Superior Courts equitable defenses may be pleaded and the case transferred to the docket of the Supreme Judicial Court to be heard and determined in that court. It therefore appears that the defendant could as well have filed her motion before the verdict as after. The statute providing for the transfer from law to equity, contemplated only those facts developed upon the trial. No new facts could appear after the close of the testimony as a basis for the motion. But the defendant instead of filing her motion during, or at the close of, the taking of the testimony, chose to risk the chances of a verdict in her favor. Having voluntarily chosen this course she must abide by the result. It would be a loose and burdensome practice calculated to produce delay rather than dispatch to allow judicial proceedings to be thus trifled with.

Nor was R. S., chapter 84, sec. 16, intended to apply to a procedure like the one before us. The attempted application would at once meet with insurmountable difficulties. A verdict of the jury had been recorded. The defendant filed a motion to the presiding Judge to set it aside. The motion was denied. The action of the court was discretionary. To it no exceptions lie. The verdict was undisturbed. No motion could now be made to the Law Court to set the verdict aside. None was made. The verdict now stands of record.

The result that would follow the application of this section of the statute clearly show the absurdity of attempting to apply it. There would appear on the part of the Law Court the assumption of the authority (1) of striking a verdict from the record of the Superior Court for Cumberland County without any motion so to do and (2) of then transferring the case to the equity side of the court. As the first could not be done, the second could not follow. We know of no method of procedure which will allow, in the same case, a verdict of the jury to stand unimpeached in one court, and the

decree of a Justice in equity to have full force in another. If the legislature had intended to confer such anomalous and summary power upon the Law Court they would more fully and unequivocally have expressed the authority.

A further examination of the statute upon equitable defenses would seem to indicate that the defendant did not in her motion bring herself within the purview of the statute. Section 18 provides "In actions at law in the Superior Courts, equitable defenses and equitable replies to matters of defense, may be pleaded by filing a brief statement thereof supported by affidavit that the matters so pleaded are true in fact." The defendant's motion neither states that the matters so pleaded are true in fact nor is it supported by affidavit. No statutory motion for removal of the case was therefore presented to the Superior Court. No common law motion was authorized. In addition to the foregoing insurmountable difficulties both the motion to set aside the verdict and to transfer the case from the Superior Court to the equity side of the Supreme Judicial Court were matters addressed to the discretion of the court and to his decision no exceptions lie. Therefore the entry must be,

*First exception overruled.*
*Second exception dismissed.*